# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY CLAYTON LENHART, | ) | |
| | ) | Civil Action No. 15 - 86 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT GILMORE and | ) | ECF No. 31 |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF PENNSYLVANIA, | ) | |
| | | |
| Respondents. | | |

## **MEMORANDUM ORDER**

On January 20, 2015, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") challenging the October 28, 2014 decision of the Pennsylvania Board of Probation and Parole ("the Board") to deny him parole. Because the Board had reviewed Petitioner for parole on two subsequent occasions while his Petition was pending, the Court granted the Respondents' Motion to Dismiss and dismissed Petitioner's Petition as moot on May 3, 2017. (ECF No. 29.) Petitioner has now filed what he has titled a "Motion to have a NOVA Review,"[1] (ECF No. 31), wherein he appears to ask this Court to reconsider its decision dismissing his Petition as moot because the last two times the Board denied him parole was for the same reasons as stated in its October 28, 2014 decision. While this may be true, it does not save the instant Petition from being moot.

---

[1] The Court assumes that Petitioner meant "de novo" review.

1

The mootness doctrine prohibits federal courts from deciding a case if there is no longer any controversy between the parties about the issues in that case, i.e., any decision will no longer affect the parties. *See* DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)); U.S. CONST. Art. III. Generally, a challenge to an earlier parole decision is rendered moot by a subsequent parole decision. *See* Wolfe v. Diugielmo, No. 06-5261, 2008 WL 544645, at *6 (E.D. Pa. Feb. 28, 2008) (where appropriate relief for parole denials would be a new hearing, challenge to prior denial is moot when petitioner has received a new hearing). Because the appropriate remedy in this case would be a new hearing before the Board, and because Petitioner has had a new hearing since the time he filed his Petition, any claims challenging the denial of parole before his most recent denial of parole are moot. *See* Wolfe, 2008 WL 544645, at *6 (citing cases). Therefore,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for NOVA Review," which the Court interprets as a motion for reconsideration, is denied.

Dated: May 12, 2017.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Timothy Clayton Lenhart
KJ8290
175 Progress Drive
Waynesburg, PA 15370

Counsel of Record
*Via CM/ECF Electronic Mail*